UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARTER RODOWICZ,<br>    *Plaintiff*,<br><br>        v.<br><br>JOSEPH RODOWICZ, JR. and JEFFREY STEIN,<br>    *Defendants*. | No. 3:22-cv-660 (JAM) |

### ORDER TO FILE COMPLAINT AND ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

Carter Rodowicz has filed *in forma pauperis* a *pro se* lawsuit against Joseph Rodowicz Jr. and Jeffrey Stein. But because Rodowicz has not filed a complaint, and because the Court lacks jurisdiction to issue the relief he requests in his motion, the Court shall require him to file a complaint over which the Court has jurisdiction by **May 27, 2022** if he wishes to proceed.

#### BACKGROUND

This case is one of many lawsuits that Rodowicz has filed over the management of his family trust. *See, e.g.*, *Rodowicz v. Stein*, 2021 WL 3291528 (D. Conn. 2021); *Rodowicz v. Feldman, Perlstein & Greene, LLC*, 2021 WL 3290706 (D. Conn. 2021). Rodowicz has not filed a complaint. Instead, he has filed a "motion to vacate judgement for fraud."[1]

Rodowicz moves to vacate a May 2018 ruling by the Connecticut Superior Court.[2] *See Rodowicz v. Bernard*, 2018 WL 3015053 (Conn. Super. Ct. 2018). There, the Superior Court removed Rodowicz as trustee of the family trust, finding that he had abused his position. *Id.* at *4. Rodowicz now argues that this judgment "was procured through Fraud on the Court."[3]

---

[1] Doc. #1 at 1.
[2] *Id.* at 1, 21.
[3] *Id.* at 1.

1

## DISCUSSION

Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." But Rodowicz has filed only a motion, not a complaint. Thus, he must file a complaint to properly begin this lawsuit. It appears, however, that if Rodowicz converted his motion into a complaint, the Court would lack jurisdiction over the case. The purpose of this ruling is to state the Court's concerns so that Rodowicz may address them if he chooses to file a complaint.

Federal courts are courts of limited jurisdiction. And a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rodowicz's motion implicates the *Rooker-Feldman* doctrine, which jurisdictionally bars federal courts from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018).[4] In order for the *Rooker-Feldman* doctrine to bar a plaintiff's claim, "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

The *Rooker-Feldman* doctrine appears to apply here. Rodowicz lost in Connecticut court; he was allegedly injured by that judgment; he is now explicitly asking me to vacate that judgment; and the judgment was issued four years before he filed this lawsuit. While he argues

---

[4] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

that the judgment was procured by fraud, that does not give a federal court jurisdiction to review it. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Instead, if Rodowicz believes that the judgment was fraudulent, he must take that up with the state courts rather than with a federal court.

## CONCLUSION

Rodowicz has not filed a complaint, and the Court lacks jurisdiction to issue the relief he seeks in his motion. But if Rodowicz has grounds to file a complaint for which there is federal jurisdiction, he may file a complaint by **May 27, 2022**. This case will be subject to dismissal if Rodowicz either fails to file a complaint or files a complaint over which the Court lacks jurisdiction.

It is so ordered.

Dated at New Haven this 13th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge